IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERNEST A. THOMAS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-18-0175 |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | * | |
| | * | |
| Defendant. | | |

******

Plaintiff Ernest A. Thomas ("Thomas"), proceeding pro se, brings suit against Defendant Washington Metropolitan Area Transit Authority ("WMATA") for claims of race discrimination, national origin discrimination, age discrimination, and retaliation. Now pending before the Court is WMATA's motion to dismiss Count Four of Thomas' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 5. The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the Complaint and all pleadings, the Court GRANTS Defendant's motion to dismiss Count Four.

I. **BACKGROUND**

On January 19, 2018, Thomas filed a complaint against WMATA alleging race, national origin, and age discrimination, as well as retaliation. ECF No. 1. Specifically, Thomas avers that WMATA's decision not to promote him to Manager of Operations Training was discriminatory and in retaliation for past protected activity. ECF No. 1 ¶4. WMATA moves to dismiss Count Four of Plaintiff's Complaint, brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), contending that WMATA is immune from ADEA claims

1

under the Eleventh Amendment of the United States Constitution. ECF. No. 5. For the reasons stated below, the Court grants Defendant's motion.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court construes the Complaint liberally to ensure that potentially meritorious claims survive challenge. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). That said, the Court cannot ignore a pro se plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985))). When reviewing pro se complaints, a court must not abdicate its "legitimate advisory role" to become an "advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278.

WMATA's motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure Rule 12(b)(1). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir.1999) (quoting 2 James Wm. Moore, et al., *Moore's Federal Practice* § 12.30[1] (3d ed. 1998)). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). When a party desires to proceed in a federal court, it "must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014) (quoting *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th

2

Cir.2008)). On a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court will grant such a motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

## III. DISCUSSION

WMATA asserts that it is immune from ADEA suits. This Court agrees. The Eleventh Amendment provides that a State is immune from suit in federal court brought by its citizens or citizens of another state. *Jones v. WMATA*, 205 F.3d 428, 431 (D.C. Cir. 2000) (citing *Morris v. WMATA,* 781 F.2d 218, 222 (D.C.Cir.1986)). "Although the immunity is that of the state, some agencies exercising state power have been permitted to invoke the Amendment in order to protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the state itself." *Id.* (quoting *Lake Country Estates v. Tahoe Regional Planning Agency,* 440 U.S. 391, 400).

WMATA is an agency conferred with Eleventh Amendment protection from suit. WMATA is a creature of a tristate Compact (Virginia, Maryland and Washington, D.C.) enacted by Congress. *Jones*, 205 F.3d at 432. "[I]n signing the WMATA Compact, Virginia and Maryland each conferred its immunity upon WMATA;" WMATA thus enjoys immunity to the same extent as the states in the exercise of its "governmental function." *Id*. This "governmental function" immunity has been held to encompass WMATA's hiring, training, and supervision of WMATA personnel. *Id.* (quoting *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d

3

1207, 1217 (D.C. Cir. 1997)). This principle would extend to WMATA's decision not to promote Thomas to Manager of Operations Training.

However, simply because WMATA enjoys Eleventh Amendment immunity concurrent with a state sovereign does not end the analysis. In enacting federal statutory schemes to reach discriminatory practices, Congress may abrogate Eleventh Amendment immunity, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 457 (1976) (finding congressional abrogation of state sovereign immunity under Title VII of the Civil Rights Act of 1964), or a state may consent to waiver of immunity in exchange for federal funding consistent with the protections accorded to covered individuals. *Litman v. George Mason Univ.*, 186 F.3d 544, 555 (4th Cir. 1999) (finding receipt of funds under Title IX of the Education Amendments of 1972 permissibly conditioned on a waiver of Eleventh Amendment immunity). But with respect to the ADEA, no such abrogation or waiver is at play. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). Accordingly, WMATA enjoys Eleventh Amendment protection from suit.

Thomas nonetheless contends that WMATA has waived its sovereign immunity by engaging in "commercial activities which are outside of its mandate and generate funds not associated with the coffers of states." ECF No. 6 at 2. Thomas further notes that "any award of financial damages will not have to be paid out of funds provided by tax payers of the citizens of Maryland, Virginia, the District of Columbia or the Federal Government." ECF No. 6 at 3. Thomas' arguments do not upset the analysis. Engaging in business activities does not result in waiver of sovereign immunity. *See Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1991) (holding that a state cannot impliedly waive its sovereign immunity by engaging in interstate commerce). Nor does WMATA's funding source for payment of damages implicate whether WMATA is immune from suit, for the "practical result"

4

of damages against WMATA "would be payment from the treasuries of Maryland and Virginia." *See Jones*, 205 F.3d at 432 (quoting *Morris*, 781 F.2d at 225). Count Four is accordingly dismissed.

## IV. CONCLUSION

For the reasons stated in this Memorandum Opinion, it is this 15th day of October, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion to Dismiss in Part filed by Defendant WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (ECF No. 5) BE, and the same hereby IS, GRANTED;

2. The Complaint filed by Plaintiff ERNEST THOMAS (ECF No. 1) BE, and the same herby IS, DISMISSED IN PART WITH PREJUDICE as to Count Four of the Complaint;

3. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to the parties.

10/15/2018  /S/
Date    Paula Xinis
        United States District Judge